**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE: SUBPOENA TO STEVEN EARLY

4:21-mc-80087-YGR (SK)
*(related to Case No.: 18-cv-3771- YGR)*

**ORDER RE: MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; STAYING MISCELLANEOUS ACTION**

Movant Steven G. Early was served with a subpoena by plaintiffs in the related action, 18-cv-3771-YGR, *In re PFA Insurance Marketing Litigation*. The PFA plaintiffs then filed a motion to compel Mr. Early's compliance with the subpoena. After significant briefing and a hearing, Magistrate Judge Sally Kim issued an order on the motion to compel on June 8, 2021. (Dkt. No. 29, ["the Order"].) The Order required Mr. Early to produce a privilege log so that the court could rule on his assertions of attorney-client privilege.

Mr. Early filed a notice of appeal to the Ninth Circuit Court of Appeal on June 25, 2021. (Dkt. No. 30.) Subsequently, on July 2, 2021, Mr. Early filed with this Court a Motion for Relief From Nondispositive Pretrial Order. (Dkt. No. 32.)[1]

Mr. Early argues that his appeal to the Ninth Circuit was proper under the long-standing rule, set forth in *Perlman v. United States*, 247 U.S. 7 (1918), that "a discovery order directed at a disinterested third party is treated as an immediately appealable final order." *See Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 18 (1992); *see also In re Optical Disk Drive Antitrust Litig.*, 801 F.3d 1072, 1076 (9th Cir. 2015) (the *Perlman* rule provides a right of immediate appeal by an

---

[1] The Court notes that, consistent with Rule 72(a) of the Federal Rules of Civil Procedure and Civil Local Rule 72-2, such a motion was required to be filed within 14 days of being served with a copy of the magistrate's order.

aggrieved *party* because subpoenaed third party cannot be expected to act in contempt in order to create a final appealable order).

The Court understands the *Perlman* exception to apply only to appeals by an aggrieved *party* to the action who would be affected by the third-party subpoena, not the third party himself. *Cf. Perry v. Schwarzenegger*, 602 F.3d 976, 979 (9th Cir. 2010) (nonparties could obtain review of discovery order only by disobeying and appealing any consequent order of contempt). Here, however, an aggrieved party to the underlying action – Premier Financial Alliance Inc.— subsequently filed its own separate notice of appeal of the Order on July 6, 2021. (Dkt. No. 33.)

Consequently, the Court finds that it is without jurisdiction to rule on the pending Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge due to the pending appeal. The instant action, 21-mc-80087, concerning the subpoena is **STAYED**.[2] Mr. Early and Premier Financial Alliance Inc. shall file a notice on the docket herein within four (4) days of receipt of any mandate on the appeal indicating how they wish to proceed.

**IT IS SO ORDERED**.

Dated: July 8, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] For purposes of clarity, the stay does ***not*** affect the related *In re: PFA Insurance Marketing Litigation* action.

2